UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CRISTIAN CAMILO GUTIERREZ GUTIERREZ PETITIONER

VS. CIVIL ACTION NO. 5:26-CV-266-DCB-RPM

WARDEN, RESPONDENT
*Adams County Correctional Center*

**REPORT AND RECOMMENDATIONS**

Before the Court is Petitioner Cristian Camilo Gutierrez Gutierrez's [1] Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner, a native and citizen of Columbia, filed his pro se Petition [1] on April 2, 2026, challenging his detention during his removal proceedings and seeking his immediate release from Immigration and Customs Enforcement's ("ICE") detention. Also before the Court is Petitioner's Motion for Temporary Restraining Order [2], seeking his immediate release, or alternatively, a bond hearing before an immigration judge.

Since the filing of his Petition, an immigration judge ordered Petitioner removed from the United States to Colombia. *See* Ex. A to Suppl. Resp. [13-1]. Petitioner waived his right to appeal and his removal order became final on May 26, 2026. *Id.* Thus, Petitioner is now detained under 8 U.S.C. §1231(a). *See* Suppl. Resp. [13] at 2. Having considered the Petition [1], the Response [11], Respondent's Supplement in Response to Court's Order [13], and the relevant law, the undersigned recommends that the Petition be dismissed without prejudice because Petitioner's claims alleged under § 1225(b)(2) are now moot, and any post-removal-period detention claim is premature under the framework set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001). The undersigned further recommends that the Motion for Temporary Restraining Order [2] be denied as moot.

## I. BACKGROUND

Petitioner entered the United States without being admitted or paroled in March 2022, and was placed into removal proceedings. *See* Ex. A to Resp. [11-1]. In August 2025, Petitioner was arrested by police in Florida for a "minor felony charge" and was held in criminal custody on that charge for approximately two months. Pet. [1] at 6–7. Petitioner alleges that after the dismissal of his criminal case in October 2025, he was "immediately transferred into the custody of [ICE]." *Id.* at 7. At the time the petition was filed, Petitioner was detained at the Adams County Correctional Center in Natchez, Mississippi. Pet. [1-1] at 5.

On May 26, 2026, an immigration judge ordered that Petitioner be removed from the United States to Columbia. *See* Ex. A to Suppl. Resp. [13-1]. Petitioner and the Department of Homeland Security ("DHS") waived their right to appeal to the Board of Immigration Appeals ("BIA"), making the order of removal final. *Id.* at 4.

## II. DISCUSSION

28 U.S.C. § 2241 confers federal district courts "within their respective jurisdictions" the authority to hear applications for habeas corpus by any person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241. The writ of habeas corpus is "available to every individual detained within the United States," including noncitizens. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).

"A district court has subject matter jurisdiction to hear an alien's Section 2241 petition challenging the lawfulness of his or her detention." *Wekesa v. United States Att'y*, No. 22-10260, 2022 WL 17175818, at *1 (5th Cir. Nov. 22, 2022); *see also Imran v. Harper,* No. 25-30370, 2026 WL 93131, *1 (5th Cir. Jan. 13, 2026) ("[D]istrict courts have subject-matter jurisdiction to review § 2241 petitions challenging the lawfulness of a noncitizen's detention . . . .").

In his Petition, Petitioner challenges his detention during his removal proceedings, claiming his detention violates the Immigration and Nationality Act, 8 U.S.C. § 1226(a), and his due process rights under the Fifth Amendment, and seeks his immediate release from detention, or alternatively, a bond hearing before an immigration judge. Pet. [1] at 9–13, 18.

Petitioner appears to challenge his mandatory detention under 8 U.S.C. § 1225(b)(2), which applies during removal proceedings. However, since the filing of his Petition, an immigration judge ordered that Petitioner be removed from the United States, and Petitioner and DHS waived their right to appeal. *See* Ex. A to Suppl. Resp. [13-1]. Thus, Petitioner's order of removal became administratively final on May 26, 2026, and he is now being detained under 8 U.S.C. § 1231(a). *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) ("The Government is correct that [petitioner's] detention is now governed by § 1231 . . . [which] defines the circumstances under which an alien enters the 'removal period' . . . ."); *Vetcher v. Barr*, 809 F. App'x 254, 255–56 (5th Cir. 2020) (holding that petitioner's detention under § 1226(c) "ended when he became subject to an administratively final removal order, namely the . . . BIA decision, [and] [t]he authority for his detention then shifted to 8 U.S.C. Section 1231") (citing *Andrade*, 459 F.3d at 542–43). Accordingly, Petitioner's claims challenging his pre-removal detention under § 1225(b)(2) are now moot. *See Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011) ("The removal order became administratively final . . . when the [BIA] dismissed the appeal of the immigration judge's decision. Consequently, [petitioner] is no longer detained pursuant to § 1226, and his claims challenging his detention under that statute are moot.") (citations omitted); *Ndudzi v. Perez*, 509 F. Supp. 3d 943, 947–48 (S.D. Tex. 2020) ("Any prolonged detention claim related to Petitioner's prior detention under § 1225(b) became moot when the BIA's dismissal of Petitioner's appeal shifted her detention to the framework erected in § 1231.").

Likewise, because the arguments in Petitioner's Motion for Temporary Restraining Order concern his pre-removal detention under § 1225(b), the Motion [2] appears to be moot.

To the extent the Petition is liberally construed to challenge Petitioner's post-removal detention, such claim is premature under the framework set forth in *Zadvydas v. Davis,* 533 U.S. 678 (2001). Petitioner's detention is governed by 8 U.S.C. § 1231, which provides that "the Attorney General shall remove the alien from the United States within a period of 90 days (. . . referred to as the 'removal period')[,]" during which time the alien shall be detained. 8 U.S.C. § 1231(a)(1)(A), (a)(2). "After that time elapses, however, § 1231(a)(6) provides only that certain aliens '*may* be detained' while efforts to complete removal continue." *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018) (emphasis in original).

In *Zadvydas,* the Supreme Court applied the doctrine of constitutional avoidance and construed § 1231(a)(6) to mean that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." 533 U.S. at 699. "*Zadvydas* then concluded that six months was a presumptively reasonable period of detention, beyond the removal period, in which to effectuate deportation." *Tran v. Mukasey*, 515 F.3d 478, 482 (5th Cir. 2008) (citing *Zadvydas,* 533 U.S. at 702). "After that, the Court concluded, if the alien 'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the Government must either rebut that showing or release the alien." *Jennings,* 583 U.S. at 299 (quoting *Zadvydas,* 533 U.S. at 701). "This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Petitioner's removal order became administratively final on May 26, 2026. *See* 8 C.F.R. §

1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: . . . (b) Upon waiver of appeal by the respondent . . . ."). As previously stated, Petitioner (respondent in the removal proceedings) waived his right to an appeal. The 90-day removal period does not expire until August 24, 2026. The six-month period of presumptively valid detention following the removal period will not expire until February 24, 2027.

Here, the 90-day removal period has not yet expired, and Petitioner "has not been in post-removal-order detention longer than the presumptively reasonable six-month period set forth in *Zadvydas*. Consequently, any challenge to his . . . post-removal-order detention is premature." *Agyei-Kodie*, 418 F. App'x at 318; *see also Zadvydas,* 533 U.S. at 701 ("*After this 6-month period*, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.") (emphasis added); *Andrade,* 459 F.3d at 543 ("*Zadvydas* thus created a '6-month presumption' of the validity of detention under § 1231, *after which* an alien could attack the reasonableness of his continued detention.") (emphasis added).

**RECOMMENDATION**

The undersigned recommends that the Petition [1] be denied and dismissed without prejudice, and that Petitioner's Motion for Temporary Restraining Order [2] be denied as moot.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, and recommendations to which objections are being made; the District

Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the District Court and for which there is no written objection. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 15th day of July 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE